COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, Esq., State Bar No. 130584
Email: laura.inlow@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA 90503
Telephone: (424) 212-7777/Facsimile: (424) 212-7757
Attorneys for Defendant, OFFICER JUSTIN CHOI

MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Deputy City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
CORY M. BRENTE, Senior Assistant City Attorney
CHRISTIAN R. BOJORQUEZ, Deputy City Attorney (SBN 192872)
200 North Main St.
6th Floor, City Hall East
Los Angeles, CA 90012
Tel.: 213-978-7023/Facsimile: (213) 978-8785
E-mail: christian.bojorquez@lacity.org
Attorneys for Defendant, CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LOS ANGELES; AND OFFICER CHOI,<br><br>　　　　Defendants. | **CASE NO. 20-CV-03053 MCS (AGRx)**<br>Action Filed: April 1, 2020<br>Trial Date: November 2, 2021<br><br>**DEFENDANTS' JOINT EX PARTE MOTION TO CONTINUE TRIAL DATE; DECLARATION OF LAURA E. INLOW; (PROPOSED) ORDER** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

　　PLEASE TAKE NOTICE that defendants will and hereby do jointly move this Court *ex parte* to continue the trial date one week to November 9, 2021 or the next date mutually agreeable to the court and the parties.

-1-
DEFS' JOINT EX PARTE MOTION TO CONTINUE TRIAL DATE; (PROPOSED) ORDER

This motion is and will be based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, Declaration of Laura E. Inlow; the pleadings and records on file with this court; and upon such oral or documentary evidence as may be presented at the hearing of this motion.

Good cause exists for the ex parte relief sought herein. The trial of this case was originally set for September 21, 2021. At the Final Pre-Trial Conference on August 30, 2021, the trial date was continued to November 2, 2021. Unfortunately, both Defense Counsel were unaware at the time the Trial Date was continued that two (2) of their expert witnesses were out-of-town the week of November 2, 2021 and would not be able to testify at Trial. Counsel for Defendants apologize to this Court, as Defendants should have advised this Court that they would need to verify their witness availability for the November 2, 2021, Trial Date. Nevertheless, Counsel for defendants immediately notified their experts of the new trial date and were informed by both of defendants' retained experts, Mr. Ed Flosi and Dr. Gary Vilke, that they will be out of the state and unavailable to testify if the trial commences on November 2, 2021. Since both experts advised that they would be available beginning on November 8, 2021, the parties met and conferred and agreed upon a November 9, 2021 Trial Date, obviously subject to this Court's schedule. There have been no prior requests for a continuance of the trial date by the parties in this matter, so this is the first request for a continuance of the Trial Date. (Inlow Decl. ¶ 2).

The parties met and conferred and jointly agreed to request a one-week continuance of the trial to November 9, 2021. This initial stipulation was denied by this Court and Defense Counsel believed that it may have been denied due to Defendants' failure to comply with this Court's requirement that any Stipulation lodged must demonstrate good cause with a Declaration which establishes good cause and provides information such as: 1) whether any previous continuances have been requested/granted; and 2) what is the opposing sides position, amongst other

information. (Dkt. 165). On that basis, Defense Counsel for Defendant Choi conferred further with Plaintiff's Counsel to lodge a new Stipulation that would be in compliance with this Court's rules, but Plaintiff's counsel refused to agree to the filing of a revised stipulation and advised Counsel they would need to proceed via an Ex Parte Application, thus necessitating the instant Ex Parte Application. Plaintiff's counsel, Brian Olney, indicated he would not oppose this ex parte motion. (Inlow Decl. ¶ 3). The contact information for Plaintiff's counsel in this matter is as follows:

Dan Stormer, Esq.
Brian Olney, Esq.
HADSELL STORMER RENICK & DAI, LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103
Tel: 626-585-9600/Fax: 626-577-7079
dstormer@hadsellstormer.com
bolney@hadsellstormer.com
jessicav@hadsellstormer.com

Matthew Struger, Esq.
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010-2015
Email: matthew@matthewstrugar.com

DATED: September 13, 2021    COLLINSON, DAEHNKE, INLOW & GRECO

By:
/s/ *Laura E. Inlow*
Laura E. Inlow, Esq.
Attorney for Defendant OFFICER JUSTIN CHOI

DATED: September 13, 2021    MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Deputy City Atty
SCOTT MARCUS, Senior Assistant City Attorney
CORY M. BRENTE, Senior Assistant City Attorney

By: [signature]
CHRISTIAN R. BOJORQUEZ, Deputy City Atty
Attorneys for Defendant CITY OF LOS ANGELES

-3-
DEFS' JOINT EX PARTE MOTION TO CONTINUE TRIAL DATE; (PROPOSED) ORDER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. GOOD CAUSE EXISTS TO CONTINUE THE TRIAL DATE

The trial of this case was originally set for September 21, 2021. At the Final Pre-Trial Conference on August 30, 2021, the trial date was continued to November 2, 2021. (Dkt. 153). Upon returning to their office, counsel for defendants immediately notified their experts of the new trial date. Both of defendants' retained experts, Mr. Ed Flosi and Dr. Gary Vilke, will be out of state and unavailable to testify if the trial commences on November 2, 2021. Both experts will be available beginning on November 8, 2021.

A district court judge has broad discretion in supervising pre-trial litigation. *Federal Deposit Insurance Corp. v. Glickman*, 450 F.2d 416, 419 (9th Cir. 1971); *see* Fed. R. Civ. Proc. 16(b), (c). *Federal Rule of Civil Procedure* 16(b) provides that a district court must issue a scheduling order and once in place, "[a] schedule may be modified only for good cause and the judge's consent." Fed R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Good cause may be found to exist where the moving party shows that it is unable to comply with deadlines due to issues not reasonably foreseeable and was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order. *Id.* at 609; *Eckert Cold Storage, Inc. v. Behl*, 943 F.Supp. 1230, 1233 (E.D. Cal. 1996); *see also Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Here, as outlined above, good cause exists for a one-week continuance of the trial date in that defendants have acted diligently upon notice of the new date and will be severely prejudiced if their experts are not able to testify due to the new trial date.

Plaintiff's counsel agrees with the new date and has stated he will not oppose the instant ex parte application.

## II. CONCLUSION

For the facts stated herein and based upon the showing of good cause, defendants respectfully request that the trial be continued to November 9, 2021 or the next date mutually agreeable to the court and the parties.

DATED: September 13, 2021   COLLINSON, DAEHNKE, INLOW & GRECO

By:
/s/ *Laura E. Inlow*
Laura E. Inlow, Esq.
Attorney for Defendant OFFICER JUSTIN CHOI

DATED: September 13, 2021   MICHAEL N. FEUER, City Attorney
KATHLEEN A. KENEALY, Chief Deputy City Atty
SCOTT MARCUS, Senior Assistant City Attorney
CORY M. BRENTE, Senior Assistant City Attorney

By: [signature]
CHRISTIAN R. BOJORQUEZ, Deputy City Atty
Attorneys for Defendant CITY OF LOS ANGELES

-5-
DEFS' JOINT EX PARTE MOTION TO CONTINUE TRIAL DATE; (PROPOSED) ORDER

## DECLARATION OF LAURA E. INLOW

I, Laura E. Inlow, declare as follows:

1. I am a partner of Collinson, Daehnke, Inlow & Greco, counsel of record for Defendant Justin Choi herein. I make the following declaration based on my own personal knowledge. I could and would competently testify under oath to the facts stated herein.

2. Good cause exists for the ex parte relief sought herein. The trial of this case was originally set for September 21, 2021. At the Final Pre-Trial Conference on August 30, 2021, the trial date was continued to November 2, 2021. Unfortunately, neither I, nor my Co-Counsel, advised this Court that Defendants were not aware of their witness availability. Nevertheless, I immediately notified defendants' joint experts of the new trial date and they both responded that unfortunately Mr. Ed Flosi and Dr. Gary Vilke, will be out of the state and unavailable to testify if the trial commences on November 2, 2021. Both experts did advise that they would be available beginning on November 8, 2021. There have been no prior requests for a continuance of the trial date by any of the parties in this matter. This is the first request made for a Trial continuance in this case.

3. The parties met and conferred and jointly agreed to request a one-week continuance of the trial to November 9, 2021. This initial stipulation was denied by this Court and Defense Counsel believed that it may have been Denied due to Defendants' failure to comply with this Court's requirement that any Stipulation lodged must demonstrate good cause with a Declaration which establishes good cause and provides information such as: 1) whether any previous continuances have been requested/granted; and 2) what is the opposing sides position, amongst other information. (Dkt. 165). On that basis, I conferred further with Plaintiff's counsel to lodge a new Stipulation that would be in compliance with this Court's rules, but Plaintiff's counsel refused to agree to the filing of a revised stipulation and advised me

that Defendants would need to proceed via an Ex Parte Application, thus necessitating the instant Ex Parte Application. Plaintiff's counsel, Brian Olney, indicated he would not oppose this ex parte motion.

4. Due to several significant issues that exist in this Trial regarding the actions and inactions of the police officers, Defense Expert Edward Flosi is a necessary witness for the Defendants. Mr. Flosi is an Expert in the area of Police Policies and Procedures, as well as tactics and use of force. It is important to highlight that the major issue in this matter surrounds an allegation against my client for use of force and Plaintiff has retained their own Police Policies and Procedures – Tactics and Use of Force Expert to support Plaintiff's claims in this matter. It is also important to highlight the fact that Mr. Flosi also provided a rebuttal expert report regarding many issues in which Plaintiff's Expert either misrepresented (or was unfamiliar) with the current policies, procedures and training regarding tactics and use of force that is provided to the Officers. If Mr. Flosi was not able to be called as a witness in this trial. Defendants will be severely prejudiced. Grave concerns exist in which the Jury would speculate that because Defendants do not have an Expert Witness, that they should accept the truth as asserted by Plaintiff's Expert, as it was not challenged and most likely because Defendants could not find an Expert Witness to support what Defendant Choi did.

5. The same is true with respect to Dr. Vilke, an Emergency Room physician that has been retained to discuss many of the issues claimed from a medical perspective by Plaintiff such as: 1) the fact he lost consciousness during the incident involving Defendant Choi when he held a towel over Plaintiff while in the hospital, among other allegations of inappropriateness and potential deadly conduct on the part of Defendant Choi. If Dr. Vilke is unable to testify in this matter, Defendants will be subjected to the baseless allegations made by Plaintiff about how he was on the brink of death, could not breathe which are all NOT supported by any medical and/or

scientific literature. If this were the case, Defendants would not be in a position to properly defend themselves from these allegations, as the Jury would only hear from Plaintiff.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of September 2021 in Torrance, California.

          *Laura E. Inlow*
          LAURA E. INLOW, Declarant